UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

RONALD HAYES,

                              Petitioner,

-against-

JAMES CONWAY, Superintendent,
Attica Correctional Facility,

                              Respondent.

----------------------------------------------------------------X

08-cv-5280 (ARR)

NOT FOR PRINT
OR ELECTRONIC
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On December 26, 2008, pro se petitioner Ronald Hayes filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, asserting that (1) the trial court committed an error pursuant to Batson v. Kentucky, 476 U.S. 79 (1986); (2) the trial court erred during sentencing by considering facts other than petitioner's prior convictions; (3) the court's ruling under People v. Sandoval, 34 N.Y.2d 371 (1974), was improper and deprived him of a fair trial; and (4) he suffered from ineffective assistance of trial counsel. In letters to the court filed on December 26, 2008, July 2, 2009 and September 2, 2009, petitioner requested to hold his petition in abeyance to permit petitioner to pursue a motion to vacate pursuant to C.P.L. § 440.10 and an Article 78 proceeding.

According to a letter filed by respondent, petitioner filed his 440 motion on March 26, 2009, claiming that the State withheld exculpatory evidence from petitioner, and that petitioner had newly discovered evidence that members of his family were excluded from the courtroom during a portion of the trial. Petitioner's 440 motion was denied on July 15, 2009, and

1

petitioner's application for leave to appeal to the Court of Appeals was denied on November 19, 2009. Because petitioner's 440 motion to vacate has been decided by the State courts, the court views this portion of his motion as a motion to amend his habeas petition to include those now exhausted claims.

On January 5, 2010, respondent filed a letter opposing petitioner's request, arguing (1) that petitioner's claims raised in his 440 motion do not relate back to the claims raised in his habeas petition, and, in the alternative, are without merit; and (2) that no Article 78 proceeding was filed.

As to the claims asserted in petitioner's 440 motion, federal habeas claims pursuant to § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Petitioner's conviction became final on April 11, 2008, and thus the statute of limitations expired one year later. However, an amended claim may "relate back" to the initial pleading if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. Proc. 15(c)(2). In Mayle v. Felix, the Supreme Court clarified that in the context of federal habeas proceedings, an amended claim does not relate back to an initial claim merely because both claims challenge the same trial, conviction, or sentence. 545 U.S. 644, 657 (2005). The Court held that the petitioner's amended claim, which challenged the petitioner's pretrial statements on Fifth Amendment grounds, did not relate back to a claim in the original petition that was based on a Confrontation Clause challenge to videotaped statements from a witness who did not testify at trial. Id. at 661. The Court went on to clarify that if the original and amended claims "are tied to a common core of operative facts," then "relation back will be in order." Id. at 664.

Respondent informs the court that petitioner's 440 claims include (1) a claim that the court improperly excluded members of his family, and (2) a claim that the state withheld exculpatory evidence, specifically, video recordings of the day of the robbery. Such claims, as presented by the respondent, are not tied to his Batson, sentencing, Sandoval, or ineffective assistance of counsel claims by a common core of operative facts. In his correspondence with the Court, however, petitioner has not identified the 440 claims with sufficient specificity to enable the court to determine whether they would "relate back" to the claims asserted in his original petition.

Accordingly, the court orders petitioner to show cause why his now exhausted 440 claims should be considered along with his original claims by serving and filing within thirty (30) days of the date of this order a submission setting forth in detail the facts supporting the claims asserted in that motion, and the reasons why the claims relate back to the claims asserted in the original petition.

As to petitioner's Article 78 proceeding, petitioner's correspondence with the court does not specify when he filed this proceeding, the claims alleged in that proceeding, and how such claims would relate to his original habeas petition. Respondent claims that no such action has been filed. Accordingly, petitioner is directed to show cause within thirty (30) days notifying the court of any Article 78 proceeding filed, the claims alleged in the proceeding, and how such claims relate to those asserted in his original habeas petition.

If petitioner fails to show cause as to the above, the court will proceed to a decision on petitioner's original habeas petition.

SO ORDERED.

/Signed by Judge Ross/
Allyne R. Ross
United States District Judge

Dated:    January 6, 2010
          Brooklyn, New York

Service List:

Petitioner (Pro Se):
**Ronald Hayes**
# 02-A-4085
Upstate Correctional Facility
PO Box 2001
Malone, NY 12953

Cc:
**Ronald Hayes**
# 02-A-4085
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14901-0500


Respondent:

**Merri Turk Lasky**
Queens County District Attorney
125-01 Queens Boulevard
Kew Gardens, NY 11415

5